Filed 12/18/25  P. v. Zepeda CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MAURICIO ZEPEDA,<br><br>    Defendant and Appellant. | B344188<br><br>(Los Angeles County<br>Super. Ct. No. SA077725) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed and remanded with directions.

California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Jose Mauricio Zepeda appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1172.6.[1]  The superior court concluded Zepeda failed to make a prima facie showing of eligibility.  Zepeda requests, and the People do not oppose, remand with directions for the superior court to consider an amended petition should Zepeda seek to file one so that he and the superior court have the benefit of the Supreme Court's guidance in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  Accordingly, we affirm the order denying the petition for resentencing but remand for the superior court to consider Zepeda's amended petition, should he seek to file one within 30 days of remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Zepeda was charged with one count of murder (§ 187, subd. (a)) and one count of attempted murder (§§ 664, 187, subd. (a)), with gang and firearm enhancements alleged.  In 2012, Zepeda pleaded no contest to one count of voluntary manslaughter (§ 192, subd. (a)), and he admitted the gun (§ 12022.5, subd. (a)) and gang (§ 186.22, subd. (b)(1)(C)) enhancement allegations.  The trial court sentenced Zepeda to an aggregate determinate term of 26 years.

On October 10, 2023, Zepeda filed a petition to vacate his conviction under section 1172.6.  The People filed a written opposition arguing Zepeda was ineligible for resentencing as a

---

[1]     All further statutory references are to the Penal Code.

matter of law because he was prosecuted solely under a "provocative act" theory, and they attached the preliminary hearing transcript. Zepeda, through counsel, filed a reply disputing the People's argument.

On February 3, 2025, the superior court denied the petition without issuing an order to show cause. The court stated: "The court denies the petition for failure to state a prima facie showing he is eligible for relief under 1172.6. The record of conviction clearly demonstrates that the defendant was prosecuted under a 'provocative act' theory of liability and that 1172.6 provides no relief for such petitioners. There is no theory of liability for which petitioner pleaded guilty to that 1172.6 offers relief."

Zepeda timely appealed.

## DISCUSSION

A.    *Standard of Review and Governing Law*

We review de novo an order denying a petition under section 1172.6 at the prima facie stage without issuing an order to show cause. (See *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, changed the law of murder by eliminating the natural and probable consequences doctrine (see *People v. Gentile* (2020) 10 Cal.5th 830, 842, 847-848) and significantly narrowing the scope of the felony-murder rule (see *People v. Strong* (2022) 13 Cal.5th 698, 707-708). Section 1172.6 provides a resentencing procedure for certain persons who were convicted of murder, attempted murder, or manslaughter under the pre-2019 murder laws. (See *Patton, supra,* 17 Cal.5th at p. 558; *People v. Lewis*

3

(2021) 11 Cal.5th 952, 959-960 (*Lewis*); *People v. Lezama* (2024) 101 Cal.App.5th 583, 590.)

A section 1172.6 petition must include "[a] declaration by the petitioner that the petitioner is eligible for relief under this section" and indicate "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subds. (b)(1)(A), (C).) On receiving such a petition, the court "shall appoint counsel" if requested and assess "whether the petitioner has made a prima facie case for relief." (*Id.,* subds. (b)(3), (c).)

"[A]fter the appointment of counsel, a court looks beyond the face of the petition." (*Patton, supra*, 17 Cal.5th at p. 563.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463-464.) "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton*, at p. 568.) "[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail. It follows . . . that should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Id.* at p. 567; accord, *Lewis*, at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in

4

'factfinding involving the weighing of evidence or the exercise of discretion.'"].)

"[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing. Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not '"factfinding involving the weighing of evidence or the exercise of discretion."'" (*Patton, supra*, 17 Cal.5th at pp. 565-566, fn. omitted.) Under these circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage. (See *ibid*.)

B.    *The Superior Court Properly Denied Zepeda's Petition for Resentencing Under Section 1172.6*

In his opening brief, Zepeda presents no argument for reversal. Indeed, the preliminary hearing transcript establishes that Zepeda was prosecuted solely on a provocative act murder theory after the California Supreme Court's decision in *People v. Concha* (2009) 47 Cal.4th 653, which remains a valid theory of murder after Senate Bill No. 1437. (See *People v. Antonelli* (2025) 17 Cal.5th 719, 730-731; *People v. Venancio* (2025) 114 Cal.App.5th 593, 168.) Zepeda's petition did not assert allegations to rebut the facts in the preliminary hearing transcript, and the superior court properly denied the petition because the record of conviction established Zepeda was ineligible for relief as a matter of law. (See *Patton, supra*, 17 Cal.5th at p. 569.)

5

Nevertheless, citing *Patton*, Zepeda requests leave to file an amended petition in superior court.  As stated, in *Patton* the California Supreme Court resolved a conflict among the Courts of Appeal regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage.  *Patton* held a superior court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in determining at the prima facie stage whether a petitioner is eligible for relief under section 1172.6.  The high court concluded the petitioner in that case failed to make a prima facie showing because his petition contained only a checkbox declaration with legal conclusions, and he submitted no facts to controvert the People's showing from the preliminary hearing transcript that he was the sole perpetrator of the attempted murder.  (*Patton, supra,* 17 Cal.5th at p. 564.)  The Court affirmed the denial of the petition but, "out of an abundance of caution," directed the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner choose to file one.  (*Id*. at p. 569.)

Zepeda urges us to follow *Patton* and remand the case to the superior court with directions to consider an amended resentencing petition should Zepeda seek to file one within 30 days of remand.  The People argue that Zepeda "is ineligible for resentencing as a matter of law under section 1172.6 because he was prosecuted solely under a provocative act theory," but further state that "respondent does not oppose appellant's request for a limited scope remand that would permit him to amend his petition with 'the benefit of *Patton*'s guidance' on the burden he must satisfy at the prima facie stage."

Accordingly, we affirm the superior court's denial of Zepeda's petition, and we follow *Patton*'s disposition "out of an abundance of caution" and remand the matter to the superior court with directions to consider an amended petition should Zepeda seek to file one.  (*Patton, supra*, 17 Cal.5th at p. 569.)

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Zepeda, within 30 days of remand, seek to file one.  We otherwise affirm the order denying the petition for resentencing.

MARTINEZ, P. J.

We concur:

FEUER, J.                                    STONE, J.

7